## Apfelbach, Appellant, v. Consolidated Gas Company.

*Gas—Inhaling gas—Contributory negligence—Nonsuit.*

In an action against a gas company to recover damages for personal injuries sustained from inhaling gas, it appeared that plaintiff's house was built on a hillside, and the entrance from the street was to the upper story. The front room of the lower story was used as a cellar, and extended under the pavement. The back room was above the ground and was used as a dining room. The odor of gas had been noticed in the vicinity for several days, and three days before the plaintiff was injured there had been an explosion in a house on the other side of the street. Neither this house nor the plaintiff's was piped for gas, and there were no gas pipes in the street between them, nor within 125 feet of the plaintiff's house. After the explosion it was learned that the gas had escaped from a pipe of the defendant company in a street on the opposite side of the house in which the explosion had occurred. The odor of the gas was noticed in the vicinity and in the plaintiff's house after the explosion, and he had warned his children not to take light into the cellar. The children of the neighbor whose house had been injured were brought to his house, and in order to make room for them he and his son slept in the dining room and were injured by inhaling gas. *Held*, that the court was in error in granting a nonsuit, inasmuch as it could not be said as a matter of law that plaintiff was guilty of contributory negligence in sleeping where he did.

Argued Nov. 4, 1902. Appeal, No. 114, Oct. T., 1902, by plaintiff, from order of C. P. No. 3, Allegheny Co., Aug. T., 1899, No. 283, refusing to take off nonsuit in case of Caroline Apfelbach, Administratrix of Charles Apfelbach, Deceased, v. Consolidated Gas Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*F. C. McGirr*, with him *G. H. Stengel*, *J. E. O'Donnell* and *John Marron*, for appellant, cited: Heh v. Consolidated Gas Co., 201 Pa. 443.

*Edwin W. Smith,* with him *J. H. Reed, George E. Shaw* and *J. H. Beal,* for appellee, cited: Boehm v. Bethlehem Boro., 4 Pa. Superior Ct. 385; West Mahonoy Twp. v. Watson, 116 Pa. 344; Schaeffer v. Jackson Twp., 150 Pa. 145.

OPINION BY MR. JUSTICE FELL, January 5, 1903:

The negligence of the plaintiff in sleeping in the basement of his house, when he knew gas was escaping in the vicinity, was not under all the circumstances so clear as to warrant a nonsuit. The house was built on a hillside, and the entrance from the street was to the upper story. The front room of the lower story was used as a cellar, and extended under the pavement. The back room was above the ground and was used as a dining room. The odor of gas had been noticed in the vicinity for several days, and three days before the plaintiff was injured there had been an explosion in a house on the other side of the street. Neither this house nor the plaintiff's was piped for gas, and there were no gas pipes in the street between them, nor within 125 feet of the plaintiff's house. After the explosion it was learned that the gas had escaped from a pipe of the defendant company in a street on the opposite side of the house in which the explosion had occurred. The odor of gas was noticed in the vicinity and in the plaintiff's house after the explosion, and he had warned his children not to take light into the cellar. The children of the neighbor whose house had been injured were brought to his house, and in order to make room for them he and his son slept in the dining room and were injured by inhaling gas.

No one knew at this time where the gas came from, and it is still in doubt whether it was forced by pressure from the pipe through the 125 feet of earth and rocks, or passed through the pipe into an abandoned mine which was under the street and thence to the surface, or whether it escaped from the pipes at all or was generated in the mine which was then on fire. That the odor was stronger in the cellar than in other parts of his house was not notice to the plaintiff that the gas was entering the house through the earth around it, as the stronger odor there might have been due to the less thorough ventilation. He guarded against the danger from fire which he knew, but there was no other danger so imminent as to require him to

abandon the house. Without knowledge that the gas was entering the house through the cellar, the danger in sleeping in an adjoining room was not so manifest as to be declared by the court as matter of law.

The judgment is reversed with a procedendo.